# EXHIBIT A

E-FILED: Baltimore County Circuit Court
Docket: 11/13/2025 2:21 PM; Submission: 11/13/2025 2:21 PM
Envelope: 23809710

# IN THE CIRCUIT COURT OF MARYLAND
## FOR BALTIMORE COUNTY

PAMM PETERSON
7 SUGARVALE WAY
LUTHERVILLE, MD 21093

    *on her own behalf and on behalf of*
    *all others similarly situated,*

       *Plaintiff,*

      v.

TOMMY BAHAMA R&R HOLDINGS, INC.
222 PIEDMONT AVE NE
ATLANTA, GA 30308

Serve on:

**Resident Agent**:
THE CORPORATION TRUST, INCORPORATED
2405 YORK ROAD
SUITE 201
LUTHERVILLE TIMONIUM, MD 21093-2264

      and

TOMMY BAHAMA GROUP, INC.
400 FAIRVIEW AVE. NORTH, STE 488
SEATTLE, WA 98109

Serve on:

STATE DEP'T OF ASSESSMENT AND
TAXATION
700 E. PRATT STREET, STE. 2700
BALTIMORE, MD 21202

    *Defendants.*

**JURY TRIAL REQUESTED**

Case No. <u>C-03-CV-25004819</u>

## FIRST AMENDED CLASS ACTION COMPLAINT

### I.     PRELIMINARY STATEMENT

1.     This is a class action against Defendant Tommy Bahama Group, Inc. ("Tommy Bahama" or "Defendant") for sending false and misleading email marketing.

2.     Tommy Bahama sends marketing emails containing false or misleading information in the subject lines, which has the capacity of deceiving the recipients. For example, Tommy Bahama sends emails with subject lines informing the recipient that the recipient is getting a "FREE" gift. *See* ¶ 39(b) (subject line indicating: "Collect Your FREE Exclusive Golf Towel"). In reality, however, the gift is entirely and completely contingent on the recipient making a purchase. *See id.* (body of email indicating that recipient must spend $250 in order to get the "FREE" golf towel).

3.     Tommy Bahama's practice of sending emails promising unconditional free gifts violates the Maryland Commercial Electronic Mail Act, Maryland Code Annotated, Commercial Law §§ 14-3001, *et seq.* ("MCEMA"), the Washington Commercial Electronic Mail Act ("WCEMA"), Revised Code of Washington ("RCW") § 19.190.020(1)(b), and the Washington Consumer Protection Act ("CPA"), RCW § 19.86, *et seq.*, because the gifts are never actually free. Instead, in every instance, a consumer must make a minimum purchase in order to obtain the free gift.

4.     By sending emails with subject lines containing false and misleading information to Named Plaintiff and the Nationwide Class and Maryland Subclass (defined below), Tommy Bahama violates MCEMA and WCEMA.

5.     By sending these emails with false and misleading information in the subject lines, Tommy Bahama intends to deceive the recipients.

6. Named Plaintiff brings this action as a class action on behalf of both (a) a Nationwide Class and (b) a Subclass of persons residing in Maryland, to whom Tommy Bahama sent emails with false and/or misleading subject lines. Named Plaintiff's requested relief includes an award to Named Plaintiff and Nationwide Class members and Maryland Subclass members of statutory and exemplary damages for each illegal email, and an award of attorneys' fees and costs.

## II.    JURISDICTION

7. The Circuit Court of Maryland has jurisdiction over this case under MD. CODE ANN., CTS. & JUD. PROC. § 1-501.

8. The Circuit Court of Maryland has personal jurisdiction over Defendant Tommy Bahama pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-103(1)-(3), as Tommy Bahama systematically and continually transacts business in Maryland, operates stores located in the state of Maryland, the case arises, in part, out of a transaction that took place within Maryland, and Tommy Bahama contracts to supply goods or services in Maryland.

## III.    PARTIES

9. Named Plaintiff Pamm Peterson ("Named Plaintiff") is a natural person currently residing at 7 Sugarevale Way, Lutherville, Maryland 21093 (Baltimore County).

10. Defendant Tommy Bahama is a Delaware corporation doing business within this state and with its principal place of business located at 400 Fairview Avenue North, Suite 488, Seattle, WA 98109.

## IV.    FACTUAL ALLEGATIONS

**A. MCEMA and WCEMA prohibit initiating or conspiring to initiate the transmission of commercial e-mails with materially false or misleading information in the subject lines, which has the capacity of deceiving the recipient.**

11.     MCEMA and WCEMA (collectively the "CEMA Statutes"), by their terms, regulate false and deceptive email marketing.

12.     A cause of action under the CEMA Statutes accrues when a commercial e-mail is transmitted that contains materially false or misleading information in the subject line, which has the capacity of deceiving the recipient.

13.     Under the CEMA Statutes, it is irrelevant whether misleading commercial e-mails were solicited. Indeed, Named Plaintiff and members of the Classes consented to receive marketing emails from Tommy Bahama, including the emails identified herein.

14.     The CEMA Statutes create an independent, limited, private of right of action, which can be asserted by a person who is the recipient of a commercial electronic mail message which contains false or misleading information in the subject line that has the capacity of deceiving the recipient. *See, e.g.,* MCEMA § 14-3003; WCEMA, § 19.190.020, *et. seq*.

15.     Violations of the CEMA Statutes create standalone causes of action.

**B. Tommy Bahama initiated (or conspired to initiate) the transmission of commercial e-mails with false or misleading information in the subject lines.**

16.     Tommy Bahama has initiated (or conspired to initiate) the transmission of commercial electronic mail messages with false or misleading information in the subject lines to Named Plaintiff and members of the Nationwide Class and Maryland Subclass.

17.     Based upon information and belief, each of the emails subject to this Class Action Complaint were sent from a computer located within the State of Washington.

18.     The emails were electronic mail messages, in that they were each an electronic message sent to an electronic mail address; the emails from Tommy Bahama also referred to an internet domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered.

19.    Tommy Bahama sent the emails for the purpose of promoting its goods for sale.

20.    The emails were sent at Tommy Bahama's direction and were approved by Tommy Bahama.

21.    Tommy Bahama's emails frequently advertise "FREE" gifts in their subject lines. Tommy Bahama uses all-capital letters in many of its emails in order to emphasize the purportedly "FREE" gift the recipient will receive. In fact, the gift is not "FREE" as it is—in every instance identified herein—entirely contingent upon the recipient making a large minimum purchase, a condition only set forth in the body of the email. For example, Tommy Bahama sent Named Plaintiff an email with a subject line, "Collect Your FREE Exclusive Golf Towel." It is not clear by examining the subject line that the "free" golf towel is contingent upon the recipient making a $250 purchase. In fact, if a consumer sees this subject line and makes a purchase of $249.99 or less, the consumer will not be given the free gift.

22.    The fact that such "free gift" statements are false and misleading has been recognized by the Federal Trade Commission, which directs that sellers should not make representations that a product can be obtained for "free" unless "all the terms, conditions and obligations upon which receipt and retention of the 'Free' item are contingent [are] set forth clearly and conspicuously *at the outset of the offer* so as to leave no reasonable probability that the terms of the offer might be misunderstood." 16 C.F.R. § 251(c) (emphasis added) (also stating that "disclosure of the terms of the offer set forth in a footnote of an advertisement to which reference is made by an asterisk or other symbol placed next to the offer, *is not regarded as making disclosure at the outset*.") (emphasis added); *see also Brown*, 567 P.3d at 38.

23.    Additionally, studies have shown that recipients of emails indicating in the subject line that the recipient will receive "free gifts" have a statistically significant impact on whether or

not the recipient decides to open the email. For instance, a 2022 peer-reviewed study found that the typical open rate for a marketing email is about 20.13%. Julian Chaparro-Pelaez, Ángel Hernández-García & Ángel-José Lorente-Páramo, *May I Have Your Attention, Please? An Investigation on Opening Effectiveness in E-Mail Marketing*, 16 Rev. Mgmt. Sci. 2261 (2022). However, if a business adds the words "free gift" to the subject line of their marketing emails, the open rate increases by a statistically significant margin. Thus, including "free gift" language in a subject line is an effective method of prompting a recipient to open an email.

24.      Tommy Bahama intentionally designs the subject lines of its marketing emails to tap into consumer urges to obtain free products, and in doing so, attempts to induce consumers into opening emails.

25.      Tommy Bahama's ultimate goal in using this deceptive business tactic is to increase the chances that the recipient will purchase Tommy Bahama products that they otherwise would not have purchased, or that the recipient will spend more money than they otherwise would have.

26.      Tommy Bahama violates the CEMA Statutes because many of the statements in the email subject lines are false and/or misleading. The facts alleged below show the types of false and misleading email subject lines Tommy Bahama sends to consumers.

**C. For purposes of MCEMA, Tommy Bahama sends commercial emails to consumers whom it knows, or has reason to know, reside in Maryland.**

27.      Tommy Bahama sent the misleading commercial emails to email addresses that Tommy Bahama knew, or had reason to know, were held by Maryland residents, either because (i) Tommy Bahama had a physical address that was associated with the recipient based on past purchases; (ii) Tommy Bahama had access to data regarding the recipient indicating which state they resided in; or (iii) information was available to Tommy Bahama upon request from the registrant of the internet domain name contained in the recipient's electronic mail address.

- 6 -

28.     Tommy Bahama knows where many of its customers reside through several methods.

29.     First, for any person that places an order online from Tommy Bahama, Tommy Bahama associates an email address with a shipping address and/or billing address for that order.

30.     Second, Tommy Bahama encourages online shoppers to create online accounts. Customers save information in their Tommy Bahama accounts along with their email address, such as shipping addresses, billing addresses, and phone numbers.

31.     Third, discovery will show that Tommy Bahama employs methods to track the effectiveness of its marketing emails and to identify consumers that click on links contained in Tommy Bahama's marketing emails, including by identifying their physical location. For example, discovery will also show that Tommy Bahama gathers information such as geocoordinates and IP addresses from individuals who click on links in Tommy Bahama commercial emails, and that Tommy Bahama can use such information to determine whether the recipient is in Maryland.

32.     Fourth, Tommy Bahama also utilizes cookies, pixels, and other online tracking technologies to identify and locate the consumers that click on links contained in Tommy Bahama's marketing emails and that visit its website. For example, Tommy Bahama has installed the Meta Pixel on its website, which identifies website visitors and can identify specific Facebook and Instagram users that visit the Tommy Bahama website; information that can be associated with the data collected by Meta on where that consumer resides. Tommy Bahama also employs tracking technologies provided by Google, Inc., Yahoo! Inc., FullStory, Inc., Twitter, Inc., Microsoft, Inc., and others that may be able to locate consumers in Maryland.

33.    Fifth, discovery will also show that Tommy Bahama employs sophisticated third parties who create profiles of customers and potential customers, including their email address and physical location.

34.    Lastly, Tommy Bahama also knew, should have known, or had reason to know that it sends marketing emails to Maryland residents due to the volume of marketing emails it sends to people around the country.

35.    Discovery will show that, at the time it sent the emails with false and misleading subject lines, Tommy Bahama had access to the data described above regarding the location of consumers in Maryland to whom it sent the emails.

**D.    Tommy Bahama initiated (or conspired to initiate) the transmission of illegal emails to Named Plaintiffs and members of the Class.**

36.    At all times relevant to this Complaint, Named Plaintiff resided in Maryland.

37.    Named Plaintiff receives emails from Tommy Bahama at a Gmail.com email address.

38.    Tommy Bahama knows, or has reason to know, that Named Plaintiff's email address is held by a Maryland resident. Named Plaintiff has an account with Tommy Bahama reflecting her home address in the State of Maryland. Named Plaintiff has made several purchases from the Tommy Bahama website that have been delivered to her home in Maryland. Named Plaintiff consented to receiving marketing emails from Tommy Bahama, including the following emails.

39.    Tommy Bahama sent the following emails to Named Plaintiff:

    a.    On or around July 5, 2025, Tommy Bahama sent Named Plaintiff an email with the subject line: "Ends TOMORROW: Get Your FREE Golf Towel." However, in order to receive the "FREE" gift, Named Plaintiff would have

had to make a minimum purchase of $250. This minimum purchase requirement was only disclosed in the body of the email. Therefore, the gift was not "FREE," and the information in the subject line was therefore false and/or misleading, and had the capacity of deceiving the recipient, in violation of MCEMA and WCEMA.

b.  On or around July 4, 2025, Tommy Bahama sent Named Plaintiff an email with the subject line: "Collect Your FREE Exclusive Golf Towel." However, in order to receive the "FREE" gift, Named Plaintiff would have had to make a minimum purchase of $250. This minimum purchase requirement was only disclosed in the body of the email. Therefore, the gift was not "FREE," and the information in the subject line was therefore false and/or misleading, and had the capacity of deceiving the recipient, in violation of MCEMA and WCEMA.

c.  On or around July 3, 2025, Tommy Bahama sent Named Plaintiff an email with the subject line: "4 Days Only: Collect Your FREE Golf Towel." However, in order to receive the "FREE" gift, Named Plaintiff would have had to make a minimum purchase of $250. This minimum purchase requirement was only disclosed in the body of the email. Therefore, the gift was not "FREE," and the information in the subject line was therefore false and/or misleading, and had the capacity of deceiving the recipient, in violation of MCEMA and WCEMA.

d.  On or around May 19, 2025, Tommy Bahama sent Named Plaintiff an email with the subject line: "SWEET Gift! Free Pineapple Blooms Tote." However,

- 9 -

in order to receive the "free" gift, Named Plaintiff would have had to make a minimum purchase of $175. This minimum purchase requirement was only disclosed in the body of the email. Therefore, the gift was not "free," and the information in the subject line was therefore false and/or misleading, and had the capacity of deceiving the recipient, in violation of MCEMA and WCEMA.

e.   On or around May 17, 2025, Tommy Bahama sent Named Plaintiff an email with the subject line: "FREE Gift! The Pineapple Blooms Tote[.]" However, in order to receive the "FREE" gift, Named Plaintiff would have had to make a minimum purchase of $175. This minimum purchase requirement was only disclosed in the body of the email. Therefore, the gift was not "FREE," and the information in the subject line was therefore false and/or misleading, and had the capacity of deceiving the recipient, in violation of MCEMA and WCEMA.

40.    Tommy Bahama sent the emails identified in Paragraph 39(a) through (e) (hereinafter the "Subject Emails") to Named Plaintiff for the purpose of promoting Tommy Bahama's goods for sale.

41.    Tommy Bahama initiated the transmission or conspired to initiate the transmission of the Subject Emails to Named Plaintiff.

42.    Tommy Bahama initiated the transmission or conspired to initiate the transmission of the Subject Emails from a computer located within the State of Washington

43.    As shown in Paragraph 39, Named Plaintiff has identified 5 emails with false or misleading subject lines sent to Named Plaintiff by Tommy Bahama.

44.    These emails were sent between May 17, 2025 and July 5, 2025, showing that Tommy Bahama engaged in this conduct throughout the relevant time period.

45.    Each of the emails identified above had the capacity to deceive the recipient into believing that the recipient was going to receive a free gift, when in fact the recipient was required to make a large purchase in order to qualify for the free gift.

46.    Tommy Bahama knowingly made the misrepresentations identified herein, and whether or not the recipients actually relied on the misrepresentations, Tommy Bahama intended that the recipients rely on its misrepresentations.

47.    Each of the misrepresentations in the subject lines of the Subject Emails was objectively materially false or materially misleading, in the sense that a significant number of unsophisticated consumers in would attach importance to the information in the subject lines in determining a choice of action. *See, e.g., Golt v. Phillips*, 308 Md. 1, 10, 517 A.2d 328 (1986); *see also Brown v. Old Navy, LLC*, 4 Wash. 3d 580, 596, 567 P.3d 38, 47 (2025) (finding that "representations of fact [in email subject lines]-like the duration or availability of a promotion, its terms and nature, the cost of goods, and other facts" are statements that consumers "would depend on in making their consumer decisions") (emphasis added).

## V.    CLASS ACTION ALLEGATIONS

48.    Named Plaintiff brings this action, both individually and as a class action, on behalf of similarly situated recipients of commercial electronic mail sent by Tommy Bahama pursuant to Maryland Rule 2-231(c)(3) and seek to represent the following Nationwide Class and Maryland Subclass, defined as:

### Nationwide Class

**All residents of the United States of America to whom Tommy Bahama sent, from a computer**

> **located within Washington and within four years before the date of the filing of this complaint until the date of trial, an email with a subject line that states or implies that the recipient will receive a free gift, when in fact a minimum purchase is required in order to obtain the product.**

### Maryland Subclass

> **All Maryland residents to whom Tommy Bahama sent, within four years before the date of the filing of this complaint until the date of trial, an email with a subject line that states or implies that the recipient will receive a free gift, when in fact a minimum purchase is required in order to obtain the product.**

Excluded from the Nationwide Class and Maryland Subclass are Defendant, as well as Defendant's affiliates, employees, officers and directors, and the Judge to whom this case is assigned.

49.    The Nationwide Class and Maryland Subclass, as defined above, are identifiable. Named Plaintiff is a member of both the Nationwide Class and Maryland Subclass.

50.    The Nationwide Class and Maryland Subclass each consists, at a minimum, of 50 consumers and are thus so numerous that joinder of all members is clearly impracticable.

51.    There are questions of law and fact which are not only common to the Nationwide Class and Maryland Subclass, but which predominate over any questions affecting only individual members of the Nationwide Class and Maryland Subclass.

52.    With respect to the Nationwide Class, the common and predominating questions include, but are not limited to:

  a.    Whether the emails Tommy Bahama sent to the Nationwide Class are subject to WCEMA § 19.190.010, *et seq*.;

  b.    Whether the subject lines of emails sent by Tommy Bahama contain materially false or misleading information, in violation of WCEMA;

c. Whether Tommy Bahama initiated the transmission or conspired to initiate the transmission of commercial electronic mail messages to Nationwide Class Members from a computer located within Washington State in violation of RCW 19.190.020; and

d. The nature and extent of class-wide injury and damages.

53. With respect to the Maryland Subclass, the common and predominating questions include, but are not limited to:

a. Whether the emails Tommy Bahama sent to the Maryland Subclass are subject to MCEMA § 14-3001, *et seq*.;

b. Whether the subject lines of emails sent by Tommy Bahama contain false or misleading information that has the capacity of deceiving the recipient, in violation of MCEMA § 14-3002;

c. Whether Tommy Bahama is subject to the $500 penalty set forth in MCEMA § 14-3003 for each of email it sends containing false or misleading information in the subject line;

d. The nature and extent of Class-wide injury and damages.

54. Claims of Named Plaintiff are typical of the claims of the respective members of the proposed Nationwide Class and Maryland Subclass and are based on and arise out of similar facts constituting the wrongful conduct of Defendant.

55. Named Plaintiff will fairly and adequately protect the interests of the proposed Nationwide Class and Maryland Subclass.

56. Named Plaintiff is committed to vigorously litigating this matter.

- 13 -

57.     Further, Named Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

58.     Neither Named Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.

59.     Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Nationwide Class and Maryland Subclass. MD. RULE 2-231(c)(3).

60.     A class action is the superior method for fair and efficient adjudication of the controversy. MD. RULE 2-231(c)(3).

61.     The likelihood that individual members of the proposed Nationwide Class or Maryland Subclass will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

62.     The likelihood that individual members of the proposed Nationwide Class and Maryland Subclass will prosecute separate actions is remote also because each individual claim involves a relatively small amount.

63.     Counsel for Named Plaintiff and the proposed Nationwide Class and Maryland Subclass is experienced in class actions and foresees little difficulty in the management of this case as a class action.

VI.     **<u>CAUSES OF ACTION</u>**

**<u>COUNT ONE</u>**
(VIOLATIONS OF WASHINGTON'S COMMERCIAL
ELECTRONIC MAIL ACT, RCW 19.190 *ET SEQ.*)
<u>(NATIONWIDE CLASS)</u>

64.     Named Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

- 14 -

65.     WCEMA prohibits any "person," as that term is defined in RCW 19.190.010(11), from initiating or conspiring to initiate the transmission of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that contains false or misleading information in the subject line.

66.     Tommy Bahama is a "person" within the meaning of the WCEMA, RCW § 19.190.010(11).

67.     Tommy Bahama initiated the transmission or conspired to initiate the transmission of the Subject Emails to Plaintiff and members of the proposed Nationwide Class members with false or misleading information in the subject line, in violation of WCEMA.

68.     The Subject Emails contained materially false or misleading information in the subject lines in the ways described in Paragraph 39(a) through (e).

69.     Under WCEMA, it is irrelevant whether the aforementioned emails were solicited.

70.     Tommy Bahama's sending of each Subject Email is a discrete violation of WCEMA.

71.     On information and belief, Tommy Bahama sent the Subject Email from a computer located within the State of Washington.

72.     Tommy Bahama's acts and omissions violated WCEMA § 19.190.020(1)(b).

**COUNT TWO**
**(*PER SE* VIOLATION OF WASHINGTON'S**
**CONSUMER PROTECTION ACT, RCW 19.86 *ET SEQ.*)**
(NATIONWIDE CLASS)

73.     Named Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

74.     Named Plaintiff and members of the Nationwide Class are "persons" within the

meaning of the CPA, RCW 19.86.010(1).

75.     Tommy Bahama violated WCEMA by initiating or conspiring to initiate the transmission of a commercial electronic mail messages to Named Plaintiff and members of the Nationwide Class that contain false or misleading information in the subject line.

76.     A violation of WCEMA is a "*per se*" violation of the Washington CPA, RCW 19.86.010, *et seq.*; RCW 19.190.030. *See Brown*, 567 P.3d at 38.

77.     A violation of WCEMA establishes all five elements of Washington's Consumer Protection Act as a matter of law.

78.     Tommy Bahama's violations of the WCEMA are unfair or deceptive acts or practices that occur in trade or commerce under the CPA. RCW 19.190.100.

79.     Tommy Bahama's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.100.

80.     Pursuant to RCW 19.19.040(1), damages to each recipient of a commercial electronic mail message sent in violation of the WCEMA are the greater of $500 for each such message or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law.

81.     As a result of Tommy Bahama's acts and omissions, Plaintiff and Class members are entitled to $500 in statutory damages for each and every email that violates WCEMA.

82.     Tommy Bahama engaged in a pattern and practice of violating WCEMA.

83.     As a result of Tommy Bahama's acts and omissions, Named Plaintiff and members of the Nationwide Class are entitled to $500 in statutory damages for each and every email that violates the WCEMA. The full amount of damages will be proven at trial.

84.     Named Plaintiff and members of the Nationwide Class are also entitled to recover

reasonable attorneys' fees and costs, pursuant to RCW § 19.86.090.

**COUNT THREE**
**(VIOLATION OF MARYLAND COMMERCIAL**
**ELECTRONIC MAIL ACT § 14-3001, *ET SEQ.*)**
<u>(MARYLAND SUBCLASS)</u>

85.     Named Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

86.     The Maryland Commercial Electronic Mail Act ("MCEMA") § 14-3001 defines "Commercial Electronic Mail" as "electronic mail that advertises real property, goods, or services for sale or lease."

87.     The Subject Emails are "Commercial Electronic Mail," as the purpose of those emails was to advertise goods or services for sale.

88.     MCEMA § 14-3002(b) contains the following prohibition related to Commercial Electronic Mail: "A person may not initiate the transmission [that] is sent to an electronic mail address that the sender knows or should have known is held by a resident of the State[, which] [c]ontains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient."

89.     Tommy Bahama is the person that initiated the transmission of the Subject Emails.

90.     MCEMA § 14-3002(c) contains the following presumption: "[a] person is presumed to know that the intended recipient of commercial electronic mail is a resident of the State if the information is available on request from the registrant of the Internet domain name contained in the recipient's electronic mail address."

91.     Information concerning the residency of Named Plaintiff and members of the Maryland Subclass is (and was) available on request from the registrant of the Internet domain name contained in Plaintiff's and members of the Maryland Subclass's electronic mail address.

- 17 -

92.     Named Plaintiff and members of the Maryland Subclass have provided Tommy Bahama with a shipping address and/or billing address and/or phone numbers with respect to orders made by Named Plaintiff and members of the Maryland Subclass.

93.     Named Plaintiff and members of the Maryland Subclass created online accounts, where they saved information regarding their shipping address, billing address, and phone numbers.

94.     At the time it sent the Subject Emails, Tommy Bahama had access to the data described above regarding the location of consumers in Maryland to whom it sent the emails.

95.     Defendant had reason to believe that all individuals with a Maryland based area code, including 240, 301, 410, 443, or 667, were residents of Maryland at the time the Subject Emails were sent.

96.     Named Plaintiff and members of the Maryland Subclass are and were, in fact, residents of Maryland at the time Tommy Bahama transmitted the Subject Emails.

97.     Named Plaintiff and members of the Maryland Subclass were the intended recipients of the Subject Emails.

98.     Tommy Bahama knew or should have known that Named Plaintiff and members of the Maryland Subclass, the intended recipients of the aforementioned emails, are (and were) residents of the State of Maryland when Tommy Bahama sent the emails.

99.     MCEMA § 14-3003(c) provides that "[a] person who violates this subtitle is liable for reasonable attorney's fees and for damages . . . [t]o the recipient of commercial electronic mail, in an amount equal to the greater of $500 or the recipient's actual damages[.]"

100.     Under MCEMA, it is irrelevant whether the aforementioned emails were solicited. Nevertheless, the emails identified herein were solicited.

101.    In violation of MCEMA § 14-3002, the aforementioned emails contained a subject line with materially false or misleading information, in the ways described herein, and as otherwise described in Paragraphs 39(a) through (e) above.

102.    Additionally, each of the Subject Emails had the capacity of deceiving the recipient in the ways described herein.

103.    Tommy Bahama's sending of each Subject Email is a discrete violation of MCEMA § 14-3002.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff respectfully prays for judgment as follows:

A.    An order assuming jurisdiction of this case;

B.    an order certifying the Nationwide Class and Maryland Subclass under Maryland Rule 2-231(c)(3);

C.    an order appointing Named Plaintiff as representative of the Nationwide Class and Maryland Subclass, and undersigned counsel as Class counsel for the Nationwide Class and Maryland Subclass;

D.    an order awarding statutory damages pursuant to Named Plaintiff and the members of the Nationwide Class and Maryland Subclass;[1]

E.    an award of attorneys' fees, pursuant to MCEMA and WCEMA;

F.    an award of pre-judgment and post-judgment interest on all sums awarded to Named Plaintiff and the members of the proposed Nationwide Class and Maryland Subclass; and

---

[1] Pursuant to Maryland Rule 2-305, Named Plaintiff states that her individual claim for relief totals $2,500 (5 emails x $500 per email = $2,500).

G.      such other relief as the court deems appropriate.

VII.    **<u>DEMAND FOR JURY TRIAL</u>**

Named Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

The Toppe Firm, LLC

Dated: November 13, 2025        **/s/ Jeffrey C. Toppe</u>**
                                Jeffrey C. Toppe, Esq. (CPF #1412180230)
                                4900 O'Hear Avenue, Ste. 100
                                North Charleston, SC 29405
                                (323) 909-2011
                                jct@toppefirm.com

                                **Attorney for Named Plaintiff**

- 20 -

## CERTIFICATION PURSUANT TO MARYLAND RULE 1-313

I, Jeffrey C. Toppe, hereby certify that I am an attorney in good standing within the State of Maryland, and I have been licensed to practice law in the State of Maryland since December 18, 2014. My Client Protection Fund number is CPF #1412180230.


**/s/ Jeffrey C. Toppe**
Jeffrey C. Toppe, Esq. (CPF #1412180230)
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011
jct@toppefirm.com

**Attorney for Named Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 13th day of November, 2025, I caused a copy of the foregoing to be served, via first class mail, on Defendant Tommy Bahama R&R Holdings, Inc. at the following address:

TOMMY BAHAMA R&R HOLDINGS, INC.
222 PIEDMONT AVE NE
ATLANTA, GA 30308

/s/ Jeffrey C. Toppe
Jeffrey C. Toppe, Esq. (CPF #1412180230)
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011
jct@toppefirm.com

**IN THE CIRCUIT COURT OF MARYLAND**
**FOR BALTIMORE COUNTY**

| | |
|---|---|
| PAMM PETERSON<br>7 SUGARVALE WAY<br>LUTHERVILLE, MD 21093 | |
| *on her own behalf and on behalf of*<br>*all others similarly situated,* | **JURY TRIAL REQUESTED** |
| *Plaintiff,* | |
| v. | Case No. C-03-CV- |
| 25004819 | |
| TOMMY BAHAMA R&R HOLDINGS, INC.<br>222 PIEDMONT AVE NE<br>ATLANTA, GA 30308 | |
| Serve on: | |
| **Resident Agent**:<br>THE CORPORATION TRUST, INCORPORATED<br>2405 YORK ROAD<br>SUITE 201<br>LUTHERVILLE TIMONIUM, MD 21093-2264 | |
| and | |
| TOMMY BAHAMA GROUP, INC.<br>400 FAIRVIEW AVE. NORTH, STE 488<br>SEATTLE, WA 98109 | |
| Serve on: | |
| **Resident Agent**:<br>STATE DEP'T OF ASSESSMENT AND<br>TAXATION<br>700 E. PRATT STREET, STE. 2700<br>BALTIMORE, MD 21202 | |
| *Defendants.* | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

## I.    PRELIMINARY STATEMENT

1.      This is a class action against Defendants Tommy Bahama R&R HoldingsGroup, Inc. ("Tommy Bahama" or "Defendant") for sending false and misleading email marketing.

2.      Tommy Bahama sends consumers marketing emails , which containing false or misleading information in the subject lines, which has the capacity of deceiving the recipients. For example, Tommy Bahama sends emails with subject lines informing the recipient that the recipient is getting a "freeFREE" gift. *See* ¶ 39(b) (subject line indicating: "Collect Your FREE Exclusive Golf Towel"). In reality, however, the gift is entirely and completely contingent on the recipient making a purchase. *See id.* (body of email indicating that recipient must spend $250 in order to get the "freeFREE" golf towel).

3.1.     The fact that such "free gift" statements are false and misleading has been recognized by the Federal Trade Commission, which directs that sellers should not make representations that a product can be obtained for "free" unless "all the terms, conditions and obligations upon which receipt and retention of the 'Free' item are contingent [are] set forth clearly and conspicuously *at the outset of the offer* so as to leave no reasonable probability that the terms of the offer might be misunderstood." 16 C.F.R. § 251(e) (emphasis added) (also stating that "disclosure of the terms of the offer set forth in a footnote of an advertisement to which reference is made by an asterisk or other symbol placed next to the offer, *is not regarded as making disclosure at the outset.*") (emphasis added); *see also Brown v. Old Navy, LLC,* 567 P.3d 38 (Wash. 2025) (recognizing that emails with false or misleading information in the subject lines violate Washington's Commercial Electronic Mail Act, Revised Code of Wash., § 19.190.020, *et seq.*).

- 3 -

4.3.    Tommy Bahama's practice of sending emails promising unconditional free gifts violates the Maryland Commercial Electronic Mail Act, Maryland Code Annotated, Commercial Law §§ 14-3001, *et seq.* ("MCEMA"), the Washington Commercial Electronic Mail Act ("WCEMA"), Revised Code of Washington ("RCW") § 19.190.020(1)(b), and the Washington Consumer Protection Act ("CPA"), RCW § 19.86, *et seq.*, because the gifts are never actually free. Instead, in every instance, a consumer must make a minimum purchase in order to obtain the free gift.

5.4.    By sending emails with subject lines containing false and misleading information to Named Plaintiff and the Nationwide Class and Maryland Subclass (defined below), Tommy Bahama violates MCEMA and WCEMA.

6.5.    By sending these emails with false and misleading information in the subject lines, Tommy Bahama intends to deceive the recipients.

7.6.    Named Plaintiff brings this action as a class action on behalf of both (a) a Nationwide Class and (b) a Subclass of persons residing in Maryland, to whom Tommy Bahama sent emails with false and/or misleading subject lines. Named Plaintiff's requested relief includes an award to Named Plaintiff and Nationwide Class members and Maryland Subclass members of statutory and exemplary damages for each illegal email, and an award of attorneys' fees and costs.

## II.    <u>JURISDICTION</u>

8.7.    The Circuit Court of Maryland has jurisdiction over this case under MD. CODE ANN., CTS. & JUD. PROC. § 1-501.

9.8.    The Circuit Court of Maryland has personal jurisdiction over Defendant Tommy Bahama pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-103(1)-(3), as Tommy Bahama systematically and continually transacts business in Maryland, operates stores located in the state

of Maryland, the case arises, in part, out of a transaction that took place within Maryland, and

Tommy Bahama contracts to supply goods or services in Maryland.

### III.    PARTIES

10.9.    Named Plaintiff Pamm Peterson ("Named Plaintiff") is a natural person currently

residing at 7 Sugarevale Way, Lutherville, Maryland 21093 (Baltimore County).

11.10.    Defendant Tommy Bahama is a Delaware corporation doing business within this

state and with its principal place of business located at 400 Fairview Avenue North, Suite 488,

Seattle, WA 98109222 Piedmont Ave. NE, Atlanta, Georgia 30308.

### IV.    FACTUAL ALLEGATIONS

**A. MCEMA and WCEMA prohibit initiating or conspiring to initiate the transmission
of commercial e-mails with materially false or misleading information in the subject
lines, which has the capacity of deceiving the recipient.**

12.11.    MCEMA and WCEMA (collectively the "Email CEMA Statutes"), by their terms,

regulate false and deceptive email marketing.

13.    The Email Statutes were enacted to protect consumers' interests in being free from

deceptive commercial e-mails.

14.12.    An injury cause of action under the CEMA Statutes occurs accrues under the Email

Statutes any timewhen a commercial e-mail is transmitted that contains materially false or

misleading information in the subject line, which has the capacity of deceiving the recipient.

15.13.    Under the Email CEMA Statutes, it is irrelevant whether misleading commercial e-

mails were solicited. Indeed, Named Plaintiff and members of the Classes consented to receive

marketing emails from Tommy Bahama, including the emails identified herein.

16.14.    The Email CEMA Statutes create an independent, limited, private of right of action,

which can be asserted by a person who is the recipient of a commercial electronic mail message

which contains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient. *See, e.g.,* MCEMA § 14-3003; WCEMA, § 19.190.020, *et. seq.*

17.15.  Violations of MCEMA the CEMA Statutes create standalone causes of action.

**B. Tommy Bahama initiated (or conspired to initiate) the transmission of commercial e-mails with false or misleading information in the subject lines.**

18.16.  Tommy Bahama has initiated (or conspired to initiate) the transmission of commercial electronic mail messages with false or misleading information in the subject lines to Named Plaintiff and members of the Nationwide Class and Maryland Subclass.

19.17.  Based upon information and belief, each of the emails subject to this Class Action Complaint were sent from a computer located within the State of Washington.

20.18.  The emails were electronic mail messages, in that they were each an electronic message sent to an electronic mail address; the emails from Tommy Bahama also referred to an internet domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered.

21.19.  Tommy Bahama sent the emails for the purpose of promoting its goods for sale.

22.20.  The emails were sent at Tommy Bahama's direction and were approved by Tommy Bahama.

23.21.  Tommy Bahama's emails frequently advertise "free gifts FREE" gifts in their subject lines. Tommy Bahama uses all-capital letters in many of its emails in order to emphasize the purportedly "FREE" gift the recipient will receive. In fact, the gift is not "FREE" as it is—in every instance identified herein—entirely contingent upon the recipient making a large minimum purchase, a condition only set forth in the body of the email. For example, Tommy Bahama sent Named Plaintiff an email with a subject line, "Collect Your FREE Exclusive Golf Towel." It is

- 6 -

not clear by examining the subject line that the "free" golf towel is contingent upon the recipient making a $250 purchase. In fact, if a consumer sees this subject line and makes a purchase of $249.99 or less, the consumer will not be given the free gift.

22.     The fact that such "free gift" statements are false and misleading has been recognized by the Federal Trade Commission, which directs that sellers should not make representations that a product can be obtained for "free" unless "all the terms, conditions and obligations upon which receipt and retention of the 'Free' item are contingent [are] set forth clearly and conspicuously *at the outset of the offer* so as to leave no reasonable probability that the terms of the offer might be misunderstood." 16 C.F.R. § 251(c) (emphasis added) (also stating that "disclosure of the terms of the offer set forth in a footnote of an advertisement to which reference is made by an asterisk or other symbol placed next to the offer, *is not regarded as making disclosure at the outset*.") (emphasis added); *see also Brown*, 567 P.3d at 38.

23.     Additionally, studies have shown that recipients of emails indicating in the subject line that the recipient will receive "free gifts" have a statistically significant impact on whether or not the recipient decides to open the email. For instance, a 2022 peer-reviewed study found that the typical open rate for a marketing email is about 20.13%. Julian Chaparro-Pelaez, Ángel Hernández-García & Ángel-José Lorente-Páramo, *May I Have Your Attention, Please? An Investigation on Opening Effectiveness in E-Mail Marketing*, 16 Rev. Mgmt. Sci. 2261 (2022). However, if a business adds the words "free gift" to the subject line of their marketing emails, the open rate increases by a statistically significant margin. Thus, including "free gift" language in a subject line is an effective method of prompting a recipient to open an email.

24.    Tommy Bahama intentionally designs the subject lines of its marketing emails to tap into consumer urges to obtain free products, and in doing so, attempts to induce consumers into opening emails.

24.    Tommy Bahama's ultimate goal in using this deceptive business tactic is to increase the chances that the recipient will purchase Tommy Bahama products that they otherwise would not have purchased, or that the recipient will spending more money than they otherwise would have.

25.    

And if the consumer chooses not to satisfy the minimum spend, then the consumer will not, in fact, receive the promised free gift, regardless of whether or not the consumer makes a purchase in an amount under the requisite minimum spend. The fact that such "free gift" statements are false and misleading has been recognized by the Federal Trade Commission, which directs that sellers should not make representations that a product can be obtained for "free" unless "all the terms, conditions and obligations upon which receipt and retention of the 'Free' item are contingent [are] set forth clearly and conspicuously *at the outset of the offer* so as to leave no reasonable probability that the terms of the offer might be misunderstood." 16 C.F.R. § 251(c) (emphasis added) (also stating that "disclosure of the terms of the offer set forth in a footnote of an advertisement to which reference is made by an asterisk or other symbol placed next to the offer, *is not regarded as making disclosure at the outset.*") (emphasis added); *see also Brown v. Old Navy, LLC*, 567 P.3d 38 (Wash. 2025) (recognizing that emails with false or misleading information in the subject lines violate Washington's Commercial Electronic Mail Act, Revised Code of Wash., § 19.190.020, *et seq.*).

25. 26.   Tommy Bahama violates the Email CEMA Statutes because many of the statements in the email subject lines are false and/or misleading. The facts alleged below show the types of false and misleading email subject lines Tommy Bahama sends to consumers.

**C. For purposes of MCEMA, Tommy Bahama sends commercial emails to consumers whom it knows, or has reason to know, reside in Maryland.**

26. 27.   Tommy Bahama sent the misleading commercial emails to email addresses that Tommy Bahama knew, or had reason to know, were held by Maryland residents, either because (i) Tommy Bahama had a physical address that was associated with the recipient based on past

purchases; (ii) Tommy Bahama had access to data regarding the recipient indicating which state they resided in; or (iii) information was available to Tommy Bahama upon request from the registrant of the internet domain name contained in the recipient's electronic mail address.

27.28.  Tommy Bahama knows where many of its customers reside through several methods.

28.29.  First, for any person that places an order online from Tommy Bahama, Tommy Bahama associates an email address with a shipping address and/or billing address for that order.

29.30.  Second, Tommy Bahama encourages online shoppers to create online accounts. Customers save information in their Tommy Bahama accounts along with their email address, such as shipping addresses, billing addresses, and phone numbers.

30.31.  Third, discovery will show that Tommy Bahama employs methods to track the effectiveness of its marketing emails and to identify consumers that click on links contained in Tommy Bahama's marketing emails, including by identifying their physical location. For example, discovery will also show that Tommy Bahama gathers information such as geocoordinates and IP addresses from individuals who click on links in Tommy Bahama commercial emails, and that Tommy Bahama can use such information to determine whether the recipient is in Maryland.

31.32.  Fourth, Tommy Bahama also utilizes cookies, pixels, and other online tracking technologies to identify and locate the consumers that click on links contained in Tommy Bahama's marketing emails and that visit its website. For example, Tommy Bahama has installed the Meta Pixel on its website, which identifies website visitors and can identify specific Facebook and Instagram users that visit the Tommy Bahama website; information that can be associated with the data collected by Meta on where that consumer resides. Tommy Bahama also employs tracking

technologies provided by Google, Inc., Yahoo! Inc., FullStory, Inc., Twitter, Inc., Microsoft, Inc., and others that may be able to locate consumers in Maryland.

32.33.  Fifth, discovery will also show that Tommy Bahama employs sophisticated third parties who create profiles of customers and potential customers, including their email address and physical location.

33.34.  Lastly, Tommy Bahama also knew, should have known, or had reason to know that it sends marketing emails to Maryland residents due to the volume of marketing emails it sends to people around the country.

34.35.  Discovery will show that, at the time it sent the emails with false and misleading subject lines, Tommy Bahama had access to the data described above regarding the location of consumers in Maryland to whom it sent the emails.

**D. Tommy Bahama initiated (or conspired to initiate) the transmission of illegal emails to Named Plaintiffs and members of the Class.**

35.36.  At all times relevant to this Complaint, Named Plaintiff resided in Maryland.

36.37.  Named Plaintiff receives emails from Tommy Bahama at a Gmail.com email address.

37.38.  Tommy Bahama knows, or has reason to know, that Named Plaintiff's email address is held by a Maryland resident. Named Plaintiff has an account with Tommy Bahama reflecting her home address in the State of Maryland. Named Plaintiff has made several purchases from the Tommy Bahama website that have been delivered to her home in Maryland. Named Plaintiff consented to receiving marketing emails from Tommy Bahama, including the following emails.

38.39.  Tommy Bahama sent the following emails to Named Plaintiff:

- 10 -

a. On or around July 5, 2025, Tommy Bahama sent Named Plaintiff an email with the subject line: "Ends TOMORROW: Get Your FREE Golf Towel." However, in order to receive the "~~free~~FREE" gift, Named Plaintiff would have had to make a minimum purchase of $250. This minimum purchase requirement was only disclosed in the body of the email. Therefore, the gift was not "~~free~~FREE," and the information in the subject line was therefore false and/or misleading, and had the capacity of deceiving the recipient, in violation of MCEMA and WCEMA.

b. On or around July 4, 2025, Tommy Bahama sent Named Plaintiff an email with the subject line: "Collect Your FREE Exclusive Golf Towel." However, in order to receive the "~~free~~FREE" gift, Named Plaintiff would have had to make a minimum purchase of $250. This minimum purchase requirement was only disclosed in the body of the email. Therefore, the gift was not "~~free~~FREE," and the information in the subject line was therefore false and/or misleading, and had the capacity of deceiving the recipient, in violation of MCEMA and WCEMA.

c. On or around July 3, 2025, Tommy Bahama sent Named Plaintiff an email with the subject line: "4 Days Only: Collect Your FREE Golf Towel." However, in order to receive the "~~free~~FREE" gift, Named Plaintiff would have had to make a minimum purchase of $250. This minimum purchase requirement was only disclosed in the body of the email. Therefore, the gift was not "~~free~~FREE," and the information in the subject line was therefore

false and/or misleading, and had the capacity of deceiving the recipient, in violation of MCEMA and WCEMA.

d.   On or around May 19, 2025, Tommy Bahama sent Named Plaintiff an email with the subject line: "SWEET Gift! Free Pineapple Blooms Tote." However, in order to receive the "free" gift, Named Plaintiff would have had to make a minimum purchase of $175. This minimum purchase requirement was only disclosed in the body of the email. Therefore, the gift was not "free," and the information in the subject line was therefore false and/or misleading, and had the capacity of deceiving the recipient, in violation of MCEMA and WCEMA.

e.   On or around May 17, 2025, Tommy Bahama sent Named Plaintiff an email with the subject line: "FREE Gift! The Pineapple Blooms Tote[.]" However, in order to receive the "freeFREE" gift, Named Plaintiff would have had to make a minimum purchase of $175. This minimum purchase requirement was only disclosed in the body of the email. Therefore, the gift was not "freeFREE," and the information in the subject line was therefore false and/or misleading, and had the capacity of deceiving the recipient, in violation of MCEMA and WCEMA.

39.40.   Tommy Bahama sent the emails identified in Paragraph 39(a) through (e) (hereinafter the "Subject Emails") to Named Plaintiff for the purpose of promoting Tommy Bahama's goods for sale.

40.41.   Tommy Bahama initiated the transmission or conspired to initiate the transmission of the Subject Emails to Named Plaintiff.

41.42.  Tommy Bahama initiated the transmission or conspired to initiate the transmission of the Subject Emails from a computer located within the State of Washington

42.43.  As shown in Paragraph 39, Named Plaintiff has identified 5 emails with false or misleading subject lines sent to Named Plaintiff by Tommy Bahama.

44.___These emails were sent between May 17, 2025 and July 5, 2025, showing that Tommy Bahama engaged in this conduct throughout the relevant time period.

45.   Each of the emails identified above had the capacity to deceive the recipient into believing that the recipient was going to receive a free gift, when in fact the recipient was required to make a large purchase in order to qualify for the free gift.

46.   Tommy Bahama knowingly made the misrepresentations identified herein, and whether or not the recipients actually relied on the misrepresentations, Tommy Bahama intended that the recipients rely on its misrepresentations.

43.47.  Each of the misrepresentations in the subject lines of the Subject Emails was objectively materially false or materially misleading, in the sense that a significant number of unsophisticated consumers in would attach importance to the information in the subject lines in determining a choice of action. *See, e.g., Golt v. Phillips*, 308 Md. 1, 10, 517 A.2d 328 (1986); *see also Brown v. Old Navy, LLC*, 4 Wash. 3d 580, 596, 567 P.3d 38, 47 (2025) (finding that "representations of fact [in email subject lines]-like the duration or availability of a promotion, its terms and nature, the cost of goods, and other facts" are statements that consumers "would depend on in making their consumer decisions") (emphasis added).

## V.    CLASS ACTION ALLEGATIONS

44.48.  Named Plaintiff brings this action, both individually and as a class action, on behalf of similarly situated recipients of commercial electronic mail sent by Tommy Bahama pursuant to

Maryland Rule 2-231(c)(3) and seek to represent the following Nationwide Class and Maryland

Subclass, defined as:

### Nationwide Class

**All residents of the United States of America to whom Tommy Bahama sent, from a computer located within Washington and within four years before the date of the filing of this complaint until the date of trial, an email with a subject line that states or implies that the recipient will receive a free gift, when in fact a minimum purchase is required in order to obtain the product.**

### Maryland Subclass

**All Maryland residents to whom Tommy Bahama sent, within four years before the date of the filing of this complaint until the date of trial, an email with a subject line that states or implies that the recipient will receive a free gift, when in fact a minimum purchase is required in order to obtain the product.**

Excluded from the Nationwide Class and Maryland Subclass are Defendant, as well as Defendant's

affiliates, employees, officers and directors, and the Judge to whom this case is assigned.

45.49.  The Nationwide Class and Maryland Subclass, as defined above, are identifiable.

Named Plaintiff is a member of both the Nationwide Class and Maryland Subclass.

46.50.  The Nationwide Class and Maryland Subclass each consists, at a minimum, of 50

consumers and are thus so numerous that joinder of all members is clearly impracticable.

47.51.  There are questions of law and fact which are not only common to the Nationwide

Class and Maryland Subclass, but which predominate over any questions affecting only individual

members of the Nationwide Class and Maryland Subclass.

48.52.  With respect to the Nationwide Class, the common and predominating questions

include, but are not limited to:

    a.  Whether the emails Tommy Bahama sent to the Nationwide Class are subject to WCEMA § 19.190.010, *et seq*.;

    b.  Whether the subject lines of emails sent by Tommy Bahama contain <u>materially</u> false or misleading information, in violation of WCEMA;

    c.  Whether Tommy Bahama initiated the transmission or conspired to initiate the transmission of commercial electronic mail messages to Nationwide Class Members from a computer located within Washington State in violation of RCW 19.190.020; and

    d.  The nature and extent of class-wide injury and damages.

~~49.~~<u>53.</u>  With respect to the Maryland Subclass, the common and predominating questions include, but are not limited to:

    a.  Whether the emails Tommy Bahama sent to the Maryland Subclass are subject to MCEMA § 14-3001, *et seq*.;

    b.  Whether the subject lines of emails sent by Tommy Bahama contain false or misleading information that has the capacity ~~, tendency, or effect~~ of deceiving the recipient, in violation of MCEMA § 14-3002;

    c.  Whether Tommy Bahama is subject to the $500 penalty set forth in MCEMA § 14-3003 for each of email it sends containing false or misleading information in the subject line;

    d.  The nature and extent of Class-wide injury and damages.

~~50.~~<u>54.</u>  Claims of Named Plaintiff are typical of the claims of the respective members of the proposed Nationwide Class and Maryland Subclass and are based on and arise out of similar facts constituting the wrongful conduct of Defendant.

51.55.  Named Plaintiff will fairly and adequately protect the interests of the proposed Nationwide Class and Maryland Subclass.

52.56.  Named Plaintiff is committed to vigorously litigating this matter.

53.57.  Further, Named Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

54.58.  Neither Named Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.

55.59.  Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Nationwide Class and Maryland Subclass. MD. RULE 2-231(c)(3).

56.60.  A class action is the superior method for fair and efficient adjudication of the controversy. MD. RULE 2-231(c)(3).

57.61.  The likelihood that individual members of the proposed Nationwide Class and or Maryland Subclass will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

58.62.  The likelihood that individual members of the proposed Nationwide Class and Maryland Subclass will prosecute separate actions is remote also because each individual claim involves a relatively small amount.

59.  Counsel for Named Plaintiff and the proposed Nationwide Class and Maryland Subclass is experienced in class actions and foresees little difficulty in the management of this case as a class action.

60.

61.63.

VI.    **CAUSES OF ACTION**

**COUNT ONE**
(VIOLATIONS OF WASHINGTON'S COMMERCIAL
ELECTRONIC MAIL ACT, RCW 19.190 *ET SEQ*.)
(NATIONWIDE CLASS)

62.64.  Named Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

63.65.  WCEMA prohibits any "person," as that term is defined in RCW 19.190.010(11), from initiating or conspiring to initiate the transmission of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that contains false or misleading information in the subject line.

64.66.  Tommy Bahama is a "person" within the meaning of the WCEMA, RCW § 19.190.010(11).

65.67.  Tommy Bahama initiated the transmission or conspired to initiate the transmission of the Subject Emails to Plaintiff and members of the proposed Nationwide Class members with false or misleading information in the subject line, in violation of WCEMA.

66.68.  The Subject Emails contained materially false or misleading information in the subject lines in the ways described in Paragraph 39(a) through (e).

67.69.  Under WCEMA, it is irrelevant whether the aforementioned emails were solicited.

68.70.  Tommy Bahama's sending of each Subject Email is a discrete violation of WCEMA.

69.71.  On information and belief, Tommy Bahama sent the Subject Email from a computer located within the State of Washington.

70.72.  Tommy Bahama's acts and omissions violated WCEMA § 19.190.020(1)(b).

- 17 -

**COUNT TWO**
**(*PER SE* VIOLATION OF WASHINGTON'S**
**CONSUMER PROTECTION ACT, RCW 19.86 *ET SEQ*.)**
(NATIONWIDE CLASS)

~~71.~~73.  Named Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

~~72.~~74.  Named Plaintiff and members of the Nationwide Class are "persons" within the meaning of the CPA, RCW 19.86.010(1).

~~73.~~75.  Tommy Bahama violated WCEMA by initiating or conspiring to initiate the transmission of a commercial electronic mail messages to Named Plaintiff and members of the Nationwide Class that contain false or misleading information in the subject line.

~~74.~~76.  A violation of WCEMA is a "*per se*" violation of the Washington CPA, RCW 19.86.010, *et seq*.; RCW 19.190.030. *See Brown ~~v. Old Navy, LLC~~*, 567 P.3d at 38 ~~(Wash. 2025)~~.

~~75.~~77.  A violation of WCEMA establishes all five elements of Washington's Consumer Protection Act as a matter of law.

~~76.~~78.  Tommy Bahama's violations of the WCEMA are unfair or deceptive acts or practices that occur in trade or commerce under the CPA. RCW 19.190.100.

~~77.~~79.  Tommy Bahama's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.100.

~~78.~~80.  Pursuant to RCW 19.19.040(1), damages to each recipient of a commercial electronic mail message sent in violation of the WCEMA are the greater of $500 for each such message or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law.

~~79.~~81.  As a result of Tommy Bahama's acts and omissions, Plaintiff and Class members are entitled to $500 in statutory damages for each and every email that violates WCEMA.

80.82.  Tommy Bahama engaged in a pattern and practice of violating WCEMA.

81.83.  As a result of Tommy Bahama's acts and omissions, Named Plaintiff and members of the Nationwide Class are entitled to $500 in statutory damages for each and every email that violates the WCEMA. The full amount of damages will be proven at trial.

82.84.  Named Plaintiff and members of the Nationwide Class are also entitled to recover actual damages and treble damages, together with reasonable attorneys' fees and costs, pursuant to RCW § 19.86.090.

**COUNT THREE**
**(VIOLATION OF MARYLAND COMMERCIAL**
**ELECTRONIC MAIL ACT § 14-3001, *ET SEQ.*)**
**(MARYLAND SUBCLASS)**

83.85.  Named Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

84.86.  The Maryland Commercial Electronic Mail Act ("MCEMA") § 14-3001 defines "Commercial Electronic Mail" as "electronic mail that advertises real property, goods, or services for sale or lease."

85.87.  The Subject Emails are "Commercial Electronic Mail," as the purpose of those emails was to advertise goods or services for sale.

86.88.  MCEMA § 14-3002(b) contains the following prohibition related to Commercial Electronic Mail: "A person may not initiate the transmission [that] is sent to an electronic mail address that the sender knows or should have known is held by a resident of the State[, which] [c]ontains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient."

87.89.  Tommy Bahama is the person that initiated the transmission of the Subject Emails.

88.90.  MCEMA § 14-3002(c) contains the following presumption: "[a] person is

- 19 -

presumed to know that the intended recipient of commercial electronic mail is a resident of the State if the information is available on request from the registrant of the Internet domain name contained in the recipient's electronic mail address."

89.91. Information concerning the residency of Named Plaintiff and members of the Maryland Subclass is (and was) available on request from the registrant of the Internet domain name contained in Plaintiff's and members of the Maryland Subclass's electronic mail address.

90.92. Named Plaintiff and members of the Maryland Subclass have provided Tommy Bahama with a shipping address and/or billing address and/or phone numbers with respect to orders made by Named Plaintiff and members of the Maryland Subclass.

91.93. Named Plaintiff and members of the Maryland Subclass created online accounts, where they saved information regarding their shipping address, billing address, and phone numbers.

92.94. At the time it sent the Subject Emails, Tommy Bahama had access to the data described above regarding the location of consumers in Maryland to whom it sent the emails.

93.95. Defendant had reason to believe that all individuals with a Maryland based area code, including 240, 301, 410, 443, or 667, were residents of Maryland at the time the Subject Emails were sent.

94.96. Named Plaintiff and members of the Maryland Subclass are and were, in fact, residents of Maryland at the time Tommy Bahama transmitted the Subject Emails.

95.97. Named Plaintiff and members of the Maryland Subclass were the intended recipients of the Subject Emails.

96.98. Tommy Bahama knew or should have known that Named Plaintiff and members of the Maryland Subclass, the intended recipients of the aforementioned emails, are (and were)

residents of the State of Maryland when Tommy Bahama sent the emails.

97.99.  MCEMA § 14-3003(c) provides that "[a] person who violates this subtitle is liable for reasonable attorney's fees and for damages . . . [t]o the recipient of commercial electronic mail, in an amount equal to the greater of $500 or the recipient's actual damages[.]"

98.100.Under MCEMA, it is irrelevant whether the aforementioned emails were solicited. Nevertheless, the emails identified herein were solicited.

101.    In violation of MCEMA § 14-3002, the aforementioned emails contained a subject line with materially false or misleading information, in the ways described herein, and as otherwise described in Paragraphs 39(a) through (e) above.

99.102.Additionally, each of the Subject Emails had the capacity of deceiving the recipient in the ways described herein.

100.103.                    Tommy Bahama's sending of each Subject Email is a discrete violation of MCEMA § 14-3002.

**PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff respectfully prays for judgment as follows:

A.      An order assuming jurisdiction of this case;

B.      an order certifying the Nationwide Class and Maryland Subclass under Maryland Rule 2-231(c)(3);

C.      an order appointing Named Plaintiff as representative of the Nationwide Class and Maryland Subclass, and undersigned counsel as Class counsel for the Nationwide Class and Maryland Subclass;

D.      an order awarding statutory damages pursuant to Named Plaintiff and the members

        of the Nationwide Class and Maryland Subclass;[1]

E.      an award of attorneys' fees, pursuant to MCEMA and WCEMA;

F.      an award of pre-judgment and post-judgment interest on all sums awarded to

        Named Plaintiff and the members of the proposed Nationwide Class and Maryland

        Subclass; and

G.      ~~award~~ such other relief as the court deems appropriate.

VII.    **DEMAND FOR JURY TRIAL**

Named Plaintiff demands a trial by jury on all issues so triable.

                                         Respectfully submitted,

                                         The Toppe Firm, LLC


Dated: ~~October 3~~November 13, 2025          **/s/ Jeffrey C. Toppe**_____
                                         Jeffrey C. Toppe, Esq. (CPF #1412180230)
                                         4900 O'Hear Avenue, Ste. 100
                                         North Charleston, SC 29405
                                         (323) 909-2011
                                         jct@toppefirm.com

                                         **Attorney for Named Plaintiff**

---

[1] Pursuant to Maryland Rule 2-305, Named Plaintiff states that her individual claim for relief totals $2,500 (5 emails x $500 per email = $2,500).

- 22 -

## CERTIFICATION PURSUANT TO MARYLAND RULE 1-313

     I, Jeffrey C. Toppe, hereby certify that I am an attorney in good standing within the State of Maryland, and I have been licensed to practice law in the State of Maryland since December 18, 2014. My Client Protection Fund number is CPF #1412180230.


                           **/s/ Jeffrey C. Toppe**
                           Jeffrey C. Toppe, Esq. (CPF #1412180230)
                           4900 O'Hear Avenue, Ste. 100
                           North Charleston, SC 29405
                           (323) 909-2011
                           jct@toppefirm.com

                           **Attorney for Named Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November, 2025, I caused a copy of the foregoing to be served, via first class mail, on Defendant Tommy Bahama R&R Holdings, Inc. at the following address:

TOMMY BAHAMA R&R HOLDINGS, INC.
222 PIEDMONT AVE NE
ATLANTA, GA 30308

/s/ Jeffrey C. Toppe
Jeffrey C. Toppe, Esq. (CPF #1412180230)
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011
jct@toppefirm.com

E-FILED; Baltimore County Circuit Court
Docket: 11/13/2025 2:21 PM; Submission: 11/13/2025 2:21 PM
Envelope: 23809710

# IN THE CIRCUIT COURT OF MARYLAND
## FOR BALTIMORE COUNTY

PAMM PETERSON
7 SUGARVALE WAY
LUTHERVILLE, MD 21093

      *on her own behalf and on behalf of*
      *all others similarly situated,*

        *Plaintiff,*

      v.

TOMMY BAHAMA R&R HOLDINGS, INC.
222 PIEDMONT AVE NE
ATLANTA, GA 30308

Serve on:

**Resident Agent**:
THE CORPORATION TRUST, INCORPORATED
2405 YORK ROAD
SUITE 201
LUTHERVILLE TIMONIUM, MD 21093-2264

        and

TOMMY BAHAMA GROUP, INC.
400 FAIRVIEW AVE. NORTH, STE 488
SEATTLE, WA 98109

Serve on:

STATE DEP'T OF ASSESSMENT AND
TAXATION
700 E. PRATT STREET, STE. 2700
BALTIMORE, MD 21202

      *Defendants*.

Case No. <u>C-03-CV-25004819</u>

---

## REQUEST TO ISSUE WRIT OF SUMMONS

    Named Plaintiff Pamm Peterson requests that the Clerk of the Court issue a Writ of Summons

in this case to the State Department of Assessment and Taxation for Defendant Tommy Bahama Group,

1

Inc. (700 E. PRATT STREET, STE. 2700, BALTIMORE, MD 21202) and return to Named Plaintiff for service on the Defendant by private process. Maryland Rule 2-124(o) states that: "Service may be made upon a corporation . . . required by statute of this State to have a resident agent by serving two copies of the summons, complaint, and all other papers filed with it, together with the requisite fee, upon the State Department of Assessments and Taxation if (i) the entity has no resident agent[.]" As Defendant Tommy Bahama Group, Inc. does not have a resident agent within this State, services on the State Department of Assessment and Taxation is appropriate.

Respectfully submitted,

The Toppe Firm, LLC

Dated: November 13, 2025
/s/ Jeffrey C. Toppe
Jeffrey C. Toppe, Esq. (CPF #1412180230)
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011
jct@toppefirm.com

*Attorney for Named Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November, 2025, I caused a copy of the foregoing to be served, via first class mail, on Defendant Tommy Bahama R&R Holdings, Inc. at the following address:

TOMMY BAHAMA R&R HOLDINGS, INC.
222 PIEDMONT AVE NE
ATLANTA, GA 30308

/s/ Jeffrey C. Toppe
Jeffrey C. Toppe, Esq. (CPF #1412180230)
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011
jct@toppefirm.com

2

E-SERVED Baltimore County Circuit Court 11/14/2025 11:56 AM System SystemEnvelope:23828225

E-FILED; Baltimore County Circuit Court
Case 1:25-cv-04019-GLR Document 2 Filed 11/24/25 Page 50 of 51
Docket: 11/14/2025 11:56 AM; Submission: 11/14/2025 11:56 AM
Envelope: 23828225

**CIRCUIT COURT FOR BALTIMORE COUNTY**
401 Bosley Avenue, P.O. Box 6754, Towson, MD, 21285-6754
Main: 410-887-2601

**To:** TOMMY BAHAMA GROUP, INC.
SERVE ON: STATE DEP'T OF ASSESSMENT AND
TAXATION
700 E. PRATT STREET, STE. 2700
BALTIMORE, MD 21202

| | |
|---|---|
| **Case Number:** | C-03-CV-25-004819 |
| **Other Reference Number(s):** | |
| **Child Support Enforcement Number:** | |

**PAMM PETERSON VS. TOMMY BAHAMA R&R HOLDINGS, INC., ET AL.**

Issue Date: 11/14/2025

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 60 days after service of this summons upon you, in this court, to the attached complaint filed by:

PAMM PETERSON
7 Sugarvale Way
Lutherville, MD 21093

This summons is effective for service only if served within 60 days after the date it is issued.

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.
It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

**Circuit Court for Baltimore County**
Pamm Peterson vs. Tommy Bahama R&R Holdings, Inc., et al.        **Case Number: C-03-CV-25-004819**

## SHERIFF'S RETURN
### (please print)

To: TOMMY BAHAMA GROUP, INC.

_____ ID# _____ of the _____
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
Name of person served

on _____ at _____
Date of service                             Location of service

_____ by _____ with the following:
Manner of service

☐ Summons                                   ☐ Counter-Complaint
☐ Complaint                                 ☐ Domestic Case Information Report
☐ Motions  _____           ☐ Financial Statement
☐ Petition and Show Cause Order             ☐ Interrogatories
☐ Other _____
Please specify

(2) Was unable to serve because:
☐ Moved left no forwarding address      ☐ No such address
☐ Address not in jurisdiction           ☐ Other _____
Please specify

Sheriff fee: $ _____ ☐ waived by _____

_____        _____
Date                           Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).